Peelle, J.,
dissenting for the following reasons:
The facts found by the court (2 and 3) clearly bring the claimant within the class of persons preferred for appointment under Revised Statutes, section 1754, about which there is no controversy^ while finding 4 is apparently sufficient to bring him within the class of persons preferred for retention under the act of 1S76. But if not, the facts requested by the claimant and refused to-be found by the court, though set out in extenso, because not deemed relevant to the issue, clearly do.
At the time of the claimant’s appointment and during his service as such clerk there existed the following statutes:
Revised Statutes:
•£Sec. 1754. Persons honorably discharged from the military or naval service by reason of disability resulting from wounds or sickness incurred in the line of duty shall be preferred for appointments to civil offices, provided they are found to possess the business capacity necessary for the proper discharge of the duties of such offices.”
Section 3, act of August 15, 1876 (Supp. Rev. Stat., vol. 1, p. 120):
“ Sec. 3. That whenever, in the judgment of the head of any Department, the duties assigned to a clerk of one class can be as well performed by a clerk of a lower class, or by a female *188 clerk, it shall be lawful for him to diminish the number of clerks of the higher grade and increase the number of the clerks of the lower grade within the limit of the total appropriation for such clerical service:
“Provided, That in making any reduction of force in any of the Executive Departments, the head of such Department shall retain those persons who may be equally qualified wbo have been honorably discharged from the military or naval service of the United States and the widows and orphans of deceased soldiers and sailors.”
Section 7, act of January 16, 1883 (22 Stat. L., 403, Supp. Rev. Stat., vol. 1, p. 395):
“ Sec. 7. That after the expiration of six months from the passage of this act no officer or clerk shall be appointed, and no person shall be employed to enter or be promoted in either of the said classes now existing, or that may be arranged hereunder pursuant to said rules, until he has passed an examination, or is shown to be specially exempted from such examination in conformity herewith.
“ But nothing herein contained shall be construed to take from those honorably discharged from the military or naval service any preference conferred by the seventeen hundred and fifty-fourth section of the Revised Statutes, nor to take from the President any authority not inconsistent with this act conferred by the seventeen hundred and fifty-third section of said statutes.”
The claimant’s right depends upon the proper construction to be given to the proviso to section 3, act of August 15,1876 (supra), in connection with section 1754, preserved by the civil-service act.
The theory of the court’s opinión is that even if the facts which it refuses to find, though set out in extenso, áre true, still the result must be the same, for the reason that “ whether a clerk has so performed his work as to bring himself within the protected class,” for retention on the reduction of force, is a question within the supervision of “ purely executive power ” and not therefore “ entrusted to the judicial branch of the Government.”
In other words, that the interpretation and enforcement of the statute “shall be determined by the ‘judgment’ of the head of the Department,” and is not therefore within the jurisdiction of the courts.
By the act of March 3, 1887, section 1 (24 Stat. L., 505, 1 Supp. Rev. Stat., p. 559), it is provided “that the Court of *189 Claims shall have jurisdiction to hear and determine the following matters:
“ All claims founded upon the Constitution of the United States or any law of Congress, except for pensions, or upon any regulation of an Executive Department, or upon any contract, expressed or implied, with the Government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort, in respect of which claims the party would be entitled to redress against the United States, either in a court of law equity, or admiralty, if the United States were suable.”
If, therefore, the statute of 1876 is one upon which a claim can be founded, this court has jurisdiction under the act of 1887 "to hear and determine” it.
If the claimant acquired any right under the preference statutes quoted of which he was illegally deprived to his damage, then his claim is well founded, and the court has jurisdiction to hear and determine it.
Under the act of 1876 it is for the head of a Department to determine whether “the duties assigned to a clerk of one class can be as well performed by a clerk of a lower class or by a female clerk,” and if, in his judgment, it can be done, “it shall be lawful for him to diminish the number of clerks of the higher grade and increase the number of clerks of the lower grade within the limits of the total appropriation for such clerical service.” But having gone that far, the Congress saw that the purpose of the preference given in appointments by section 1754 might be taken away, and so they added the proviso, excepting from the operation of the statute such preferred class for retention, thereby limiting the power of removal in respect of such preferred class by providing “ that the head of such Department shall retain those persons who may be equally qualified who have been honorably discharged from the military or naval service of the United States.” Not that he may or may not in his judgment retain such, but that he “ shall retain.”
It was not intended by the proviso to establish a, new rule for the ascertainment of the business capacity or qualifications necessary to entitle such preferred class to retention or to submit to the judgment of the head of a Department the question as to the qualifications of those preferred for appointment under section 1754. The purpose of that section should not *190 be defeated in the execution of the act of 1876, but rather effectuated, and in case of conflict the former should prevail, as it was in express terms preserved by the civil-service act ,• besides, the legislation was intended for the benefit of such preferred class, and good faith requires that the preference given by statute to those so honorably discharged should not be taken away for slight or transient causes, nor should technicalities intervene to defeat the purpose of Congress in reference thereto.
The claimant having been honorably discharged from the military service of the United States, and having been appointed after a civil-service examination pursuant to law, the presumption is that he possessed the business capacity necessary for the proper discharge of the duties of the service into which he entered, and he was therefore entitled to retention in the reduction of force; but, aside from such presumption, the findings set out, and refused to be found because deemed irrelevant, clearly establish the claimant’s efficiency as a clerk, and that being so, he must have been “equally qualified” as matter of fact with those so retained. Such being his status at the time of his discharge, he was entitled, under the act of 1876, to be retained.
I am dealing with a statute which in express terms prefers for retention a specified class, and if that statute is to be enforced, as manifestly intended by Congress it should be, then the discharge of the claimant at the time and under the circumstances of this case was in violation thereof, and that being so, he was deprived of a right thereunder — i. e., the right, to be retained in his position and to continue to enjoy the salary provided therefor by law.
The claimant having brought himself within the provisions of the statute as one entitled to retention, and having been deprived of his office or employment to his damage — i. e., the loss of the salary provided therefor by law — his claim is one which this court may “hear and determine,” under the act of 1887 {swpra), as a claim arising under a statute. >